IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RONALD RAY STRONG,

    Petitioner,

v.                                                          CASE NO. 1:05-cv-48-MMP-AK

JAMES CROSBY,

    Respondent.

_____/

### REPORT AND RECOMMENDATION

    This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by Ronald Ray Strong. Petitioner is currently incarcerated at Apalachee Correctional Institution and challenges his conviction out of the Circuit Court of St. Johns County, Florida. Jurisdiction is therefore appropriate in either this district or in the United States District Court for the Middle District of Florida, as the districts of confinement and conviction, respectively. 28 U.S.C. § 2241(d).

    The district of conviction would appear to be the most convenient for witnesses should an evidentiary hearing be necessary, and therefore, transfer of this cause to the Middle District is appropriate. Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (division of conviction, where witnesses were located, was appropriate venue over division of confinement in challenge to conviction); Parker v. Singletary, 974 F.2d 1562, 1582, n. 118 (11th Cir. 1992) (courts should give careful consideration to convenience of witnesses in transferring habeas corpus petitions

under § 2241(d)).

It is therefore respectfully **RECOMMENDED** that this case be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this __11th__ day of March, 2005.

                                        s/ A. KORNBLUM
                                        **ALLAN KORNBLUM**
                                        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**